IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| SANDRA H. MANNING, ) | |
| ) | No. 8:12-cv-1478-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN,[1] *Acting* ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    This matter is before the court on United States Magistrate Judge Jacquelyn D. Austin's Report and Recommendation ("R&R") that the court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff Sandra H. Manning's ("Manning") application for disability insurance benefits ("DIB"). Manning has filed objections. For the reasons set forth below, the court adopts the magistrate judge's R&R and affirms the Commissioner's decision.

## I. BACKGROUND

    Unless otherwise noted, the following background is drawn from the R&R.

### A. Procedural History

    Manning initially filed for DIB on May 22, 2009, alleging a disability onset date of January 14, 2009. The Social Security Administration ("the Agency") denied her claims initially and on reconsideration. Manning requested a hearing before an administrative law judge ("ALJ"), and on October 12, 2010, ALJ Thomas G. Henderson conducted a hearing on Manning's claims. In a decision issued on October 23, 2010, the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

ALJ determined that Manning was not disabled. This decision became the final decision of the Commissioner when the Appeals Council denied further review on April 3, 2012.

Manning filed this action for judicial review on June 5, 2012. On March 29, 2013, she filed a brief requesting that the Commissioner's decision be reversed. On May 9, 2013, the Commissioner filed a brief contending that her decision should be upheld. On February 4, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be affirmed. Manning filed objections to the R&R on November 12, 2013 and the Commissioner replied to those objections on March 20, 2014. This matter has been fully briefed and is now ripe for the court's review.

### B. Manning's Medical History

Because Manning's medical history is not germane to the disposition of this case, the court dispenses with a lengthy recitation thereof and here recites only a few relevant facts. Manning was born on February 11, 1962, and was forty-seven years old on the date she was last insured for DIB. Tr. 23. She has at least a high school education and has past relevant work as a childcare attendant. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the

claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents him or her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both his or her remaining physical and mental capacities (defined by his or her residual functional capacity) and his or her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Manning was disabled from January 14, 2009, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Manning did not engage in substantial gainful activity during the period at issue. Tr. 19. At step two, the ALJ found that Manning suffered from the following severe impairments: reflexive sympathetic disorder of the left foot ("RSD"), myofacial pain disorder, fibromyalgia, knee pain, and obesity. Id. At step three, the ALJ found that Manning's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 20. Before reaching the fourth step, the ALJ determined that Manning retained the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a). Tr. 21. Specifically, the ALJ found that

Manning could lift and carry up to ten pounds occasionally and a lesser amount frequently; sit for six hours in an eight-hour work day; and stand and walk occasionally. Id. At the fourth step, the ALJ found that Manning could not perform her past relevant work. Tr. 23. Finally, at the fifth step, the ALJ found that Manning could perform jobs existing in significant numbers in the national economy and concluded she was not disabled during the period at issue. Tr. 23-24.

## II.   STANDARD OF REVIEW

The court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). The court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.

### III.   DISCUSSION

Manning raises two objections to the magistrate judge's R&R.  The court considers these objections in turn.

**A.  Substantial Evidence Supports the ALJ's Credibility Assessment.**

Manning first objects that the ALJ improperly assessed her credibility with regard to her pain.

The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective allegations of pain.  Craig v. Chater, 76 F.3d 585, 594.  First, the ALJ must determine that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant.  Id.; SSR 96-7p, 1996 WL 374186 (July 2, 1996). Second, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work."  Craig, 76 F.3d at 595; SSR 96-7p.  This evaluation

> must take into account not only the claimant's statements about her pain, but also all the available evidence, including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

An ALJ evaluating a claimant's subjective complaints "should refer specifically to the evidence informing the ALJ's conclusion."  Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989).  This "duty of explanation . . . is especially crucial in evaluating pain, in part because the judgment is often a difficult one, and in part because the ALJ is somewhat constricted in choosing a decisional process."

Id. In addition, an ALJ's decision regarding a claimant's credibility "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

As the magistrate judge explained in detail, the ALJ followed the required two-step process when assessing Manning's pain. First, the ALJ determined that "the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms." Tr. 22. At the second step, the ALJ found that Manning's complaints were "not fully credible to the extent they are inconsistent with the above residual functional capacity assessment" because the evidence showed that her conditions had improved during the time period at issue and because her testimony regarding her functional limitations was internally inconsistent. Tr. 22. The ALJ specifically referred to Manning's conflicting testimony, as well as to medical records from the relevant time period in which she reported that she was weaning herself off of pain medication and was feeling better. See Tr. 208-09.

The evidence marshaled by the ALJ is "more than a mere scintilla" of evidence. Hays, 907 F.2d at 1456. Therefore, the ALJ's assessment of Manning's credibility is supported by substantial evidence and will not be disturbed.

**B.  The ALJ Properly Assessed Dr. Mitchell's Medical Opinion.**

Second, Manning contends that the ALJ improperly weighed the opinion of her treating pain management physician, Dr. Paul Mitchell, and that the magistrate judge erred by finding otherwise.

Social Security regulations require the ALJ to consider all of the medical opinions in a claimant's case record, as well as the rest of the relevant evidence. 20 C.F.R. § 404.1527(c) (2012). Medical opinions are evaluated pursuant to the following non-exclusive list:

> (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.

Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005). In general, more weight is given to the opinion of a "source who has examined [a claimant] than to the opinion of a source who has not," 20 C.F.R. § 404.1527(c)(1), but "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. The ALJ must also give specific reasons for the weight given to a treating physician's medical opinion. See SSR 96-2p (July 2, 1996).

Manning's objection is puzzling because, in keeping with the Agency's regulations, the ALJ accorded great weight to Dr. Mitchell's medical opinion. Tr. 22. Specifically, the ALJ stated that he had

> Given great weight to the claimant's treating physicians assessments of her pain during the period in question, and in particular to Dr. Mitchell's opinion that the claimant was able to function and perform small tasks and activities of daily living. . . . Not only does Dr. Mitchell have an extensive treating relationship with the applicant, his opinion is supported by the treatment notes of Dr. Barfield and Dr. Welker indicating the claimant had attained effective relief.

Tr. 22. Manning appears to argue that the ALJ should have accorded great weight to the views expressed in Dr. Mitchell's July 2011 letter, which opines that Manning has intractable pain issues that render her completely disabled. Because Dr. Mitchell's letter

was written more than nine months after the ALJ issued his decision in this case, it would have been awfully difficult for the ALJ to weigh Dr. Mitchell's opinion in the manner that Manning suggests.  Nor would it be appropriate for the court to consider this evidence for the first time.  After reviewing Dr. Mitchell's letter, the Appeals Council declined to make it a part of the record, explaining that it bore no relation to the time period at issue in this case (January 2009 through March 2009).  That letter is not a part of the record in this case; as a result, the court cannot review it here.  Like her first objection, Manning's second objection also fails.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS** the magistrate judge's R&R, ECF No. 19, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 30, 2014**
**Charleston, South Carolina**